_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**
_____

Case No.: 8:22-cv-02174-FWS-ADS                                      Date: December 5, 2022
Title: Zhang v. Dahua Technology, USA, Inc.
_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION [1] AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

    Before the court is Plaintiff Feng Zhang's ("Plaintiff") Petition for Commencement of Action to Secure *Ex Parte* Writ of Attachment and Other Equitable Relief ("Application" or "App."). (Dkt. 1.) As of the time this order was filed, Defendant Dahua Technology, USA, Inc ("Defendant") has not opposed the Application. (*See generally* Dkt.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **DENIES** the Application. The court also **DISMISSES** the case for lack of subject matter jurisdiction.

    **I.**    **Background**

    On December 1, 2022, Plaintiff filed the Application, stating it related to "securing payment of damages for a breach of contract matter pending in the United States District Court for the District of Massachusetts, entitled Dahua Technology USA, Inc. v. Feng Zhang, 1:18-cv-11147-IT." (App. ¶ 1.) Specifically, Plaintiff alleges that Plaintiff and Defendant executed a severance agreement on August 28, 2017, requiring Defendant to pay Plaintiff $10,880,000, and Defendant has not paid Plaintiff in violation of this agreement. (*Id.* ¶ 2.) Plaintiff also alleges

_____
**CIVIL MINUTES – GENERAL**                                                                                           1

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02174-FWS-ADS  Date: December 5, 2022
Title: Zhang v. Dahua Technology, USA, Inc.

___

that on October 22, 2022, "the United States District Court for the District of Massachusetts ruled that Dahua failed to make its case, and indicated its intent to issue judgment against Dahua on its claims and in favor of Zhang on his breach of contract counterclaim."[1]  (*Id.* ¶ 3.)

Since that order issued, Plaintiff alleges Defendant began divesting its assets by selling one of its major North American subsidiaries.  (*Id.* ¶ 6.)  Defendant allegedly began selling its assets because the United States government "issued a nationwide ban on [Defendant's] products, citing 'an unacceptable risk to the national security of the United States or the safety of the United States persons,'" on November 11, 2022.  (*Id.* ¶ 5.)  Defendant is allegedly acting at the behest of its parent company based in China, Zhejiang Dahua Technology, Co, Ltd.  (*Id.* ¶¶ 7-8.)

As a result of this divestiture, Plaintiff seeks a writ of attachment, *ex parte* relief, and a temporary restraining order, arguing that Plaintiff will be without recourse unless the court grants the requested relief because Defendant may transfer the funds from the sale of its assets to its parent company in China.  (App. ¶¶ 38-56.)  In the alternative, Plaintiff requests that the court require grant an *ex parte* temporary restraining order "enjoining [Defendant] from selling, transferring or conveying its assets until such time as the Court can rule" or post a bond for $16,185,863.  (*Id.* ¶¶ 58-59.)

/ / /

/ / /

___

[1] The court notes Plaintiff provides contradictory information as to the Massachusetts district court's finding of liability.  In subsequent parts of the Application, Plaintiff states "briefing on the final question in the Massachusetts case will be concluded on December 20, 2022, with oral argument already scheduled for January 5, 2023."  (*See, e.g.*, App. ¶¶ 13, 21, 41.)  By contrast, the attached "Findings of Fact and Conclusions of Law" from the Massachusetts district court suggest there has been no such finding of liability, as the court explicitly stated it "reserve[d] judgment as to Zhang's breach of contract counterclaim against [Dahua] pending further briefing from the parties."  (App., Exh. 1 at 32.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02174-FWS-ADS　　　　　　　　　　　　　Date: December 5, 2022
Title: Zhang v. Dahua Technology, USA, Inc.

### II.　Legal Standard

#### A.　Ex Parte Standard

*Ex parte* applications are "rarely justified." *Mission Power*, 883 F. Supp. at 490. To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93. In *Horne v. Wells Fargo Bank, N.A.*, the district court discussed the legal standard for *ex parte* applications:

> The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); *see also Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an *ex parte* application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment").
>
> . . .
>
> The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

969 F. Supp. 2d 1203, 1205 (C.D. Cal 2013). The *Horne* court also reiterated the dangers of *ex parte* applications:

> [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court.  Both

**CIVIL MINUTES – GENERAL**　　　　　　　　　　　　　　　　　　　　　　　　3

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02174-FWS-ADS                         Date: December 5, 2022
Title: Zhang v. Dahua Technology, USA, Inc.

___

contemplate that noticed motions should be the rule and not the exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant 'ahead of the pack,' without cause or justification.

*Id.* (citation omitted).

### B.     Temporary Restraining Order Standard

"The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

A plaintiff seeking a preliminary injunction must show (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that the "balance of equities tips in h[er] favor"; and (4) that an "injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts in the Ninth Circuit may consider the *Winter* factors on a sliding scale and grant an injunction where the plaintiff raises "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff" if "the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02174-FWS-ADS                      Date: December 5, 2022
Title: Zhang v. Dahua Technology, USA, Inc.

___

F.3d 1127, 1134-35 (9th Cir. 2011); *id.* at 1132 (noting the latter two showings are "the other two elements of the *Winter* test").

When considering a motion for preliminary injunction, "[t]he weight to be given each of these statements is in the discretion of the trial court." *Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985); *see also Bracco v. Lackner*, 462 F. Supp. 436, 442 (N.D. Cal. 1978) (when considering affidavits submitted in support of a TRO or preliminary injunction, "[t]he weight to be given such evidence is a matter for the Court's discretion, upon consideration of the competence, personal knowledge and credibility of the affiant.").

### III. Discussion

As a threshold matter, the court finds Plaintiff has not adequately established the court's subject matter jurisdiction because there are no underlying claims in this action. "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). "Accordingly, 'the district courts may not exercise jurisdiction absent a statutory basis.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884); *see also Orient v. Linus Pauling Inst. of Sci. & Med.*, 936 F. Supp. 704, 706 (D. Ariz. 1996) ("Federal subject matter jurisdiction is a threshold issue that goes to the power of the court to hear the case, so subject matter jurisdiction must exist at the time the action commences."). Additionally, because subject matter jurisdiction is a threshold inquiry, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8; *see also Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) ("Under Federal Rule of Civil Procedure 8(a), a pleading must contain 'a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.'").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02174-FWS-ADS                                           Date: December 5, 2022
Title: Zhang v. Dahua Technology, USA, Inc.

Here, Plaintiff argues that the court possesses subject matter jurisdiction based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because: (1) Plaintiff resides in Massachusetts, (App. ¶ 14); (2) Defendant is a California corporation with its principal place of business in Irvine, CA, (*id.* ¶ 15); and (3) Plaintiff claims at least $75,000 in damages exclusive of interest and costs, (*id.* ¶ 16).  Plaintiff also argues that "[b]ecause this Court has original jurisdiction over this matter, the All Writs Act, 28 U.S.C. § 1651, may be invoked in aid of the Court's jurisdiction."  (*Id.* ¶ 17.)

In this case, the court observes that Plaintiff has not filed any pleadings or otherwise asserted any claims.  (*See generally* Dkt.)  Instead, Plaintiff's argument for diversity jurisdiction is predicated upon a California statutory remedy for a breach-of-contract claim pending before the District Court for the District of Massachusetts.  (*See* App. ¶¶ 1-2 , Exh. 1.)  Because this breach-of-contract claim is not pending before this court, it cannot serve as the basis for subject matter jurisdiction.  *Cf. Wolfson v. Brammer*, 616 F.3d 1045, (9th Cir. 2010) ("Article III of the United States Constitution limits federal court jurisdiction to 'actual, ongoing cases of controversies.'") (quoting *Lewis v. Cont'l Bank. Corp.*, 494 U.S. 474, 477 (1990)); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  Plaintiff also may not rely upon the All Writs Act to establish subject matter jurisdiction because "the All Writs Act does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists."  *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1997) (citing *Westinghouse Elec. Corp. v. Newman & Holtzinger*, 992 F.2d 932, 937 (9th Cir. 1993)).

In the same vein, Plaintiff's request for a writ of attachment under California law cannot provide a basis for subject matter jurisdiction because Plaintiff has not plead an underlying claim sufficient to meet the requirements of California's attachment law, Cal. Civ. Proc. Code § 481.010 *et seq*.  "Attachment is an ancillary or provisional remedy to aid in the collection of a money demand by seizure of property in advance of trial and judgment." *Kemp Bros. Constr., Inc. v. Titan Elec. Corp.*, 146 Cal. App. 4th 1474, 1476 (2007) (emphasis omitted); *see also Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co.*, 112 F. Supp. 2d 1178, 1181 (C.D. Cal. 1999) ("Attachment is a purely statutory remedy, which is subject to strict construction.").  "As a general matter, the statutory remedy of attachment is limited to an 'action on a claim or claims

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02174-FWS-ADS                                              Date: December 5, 2022
Title: Zhang v. Dahua Technology, USA, Inc.
___

for money, each of which is based upon a contract.'" *Royals v. Lu*, 81 Cal. App. 5th 854, 866 (2022) (quoting Cal. Civ. Proc. Code § 483.010(a)). Under California's attachment law, an application for an attachment: (1) "must be supported by competent evidence," *id.* § 482.040; (2) "must rest on an attachable 'amount,'" *id.* § 484.020(b); (3) "must be based on a claim 'upon which an attachment may be issued,'" *id.* § 484.020(a); and (4) "must be measured by the defendant's claimed 'indebtedness' to the plaintiff," *id.* § 483.015(a)(1). *Royals*, 81 Cal. App. 5th at 859. The party seeking the writ of attachment bears the burden "to establish each element for an attachment order by a preponderance of the evidence." *Blastrac, N.A. v. Concrete Sols. & Supply*, 678 F. Supp. 2d 1001, 1004-05 (C.D. Cal. 2010) (citing *Loeb & Loeb v. Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110, 1116 (1985)).

     Again, the court finds Plaintiff has not pleaded any claim in this court "upon which an attachment may be issued." Cal. Civ. Proc. Code § 484.020(a). In particular, the court notes that Plaintiff seeks pretrial attachment, but does not assert a claim under any of the applicable statutes specifically entitling it to that remedy.[2] *See Royals*, 81 Cal. App. 5th at 866 ("Outside

___

[2] Even if Plaintiff had properly pleaded a claim in this action, the court finds Plaintiff's request for a writ of attachment would be procedurally improper. In this case, Plaintiff's attached exhibits from the District Court for the District of Massachusetts indicate that the First Circuit determined that Massachusetts law applies to Plaintiff's breach-of-contract claim. (*See* App, Exh. 1 at 1.) *See also Dahua Tech. USA Inc. v. Feng Zhang*, 988 F.3d 531, 538 (1st Cir. 2021) (stating "Massachusetts law governs"). Because Plaintiff's claim is governed by Massachusetts law, Massachusetts law also determines the availability of any equitable remedies. *See, e.g.*, Barranco v. 3D Sys. Corp., 307 F. Supp. 3d 1075, 1094 (D. Haw. 2018) ("State law governs what equitable remedies are available for a breach of contract."), *vacated on other grounds on appeal*, 952 F.3d 1122 (9th Cir. 2020); Restatement (Third) of Conflict of Laws § 413 ("[T]he law of the place of performance determines the consequences of a breach of the duty of performance. That law determines whether the promisee is entitled to damages and, if so, by what standards they are to be measured."). In this case, Plaintiff concedes that Massachusetts does not provide for the equitable remedy sought here and thus improperly seeks a California

___

**CIVIL MINUTES – GENERAL**                                                                             7

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02174-FWS-ADS                                Date: December 5, 2022
Title: Zhang v. Dahua Technology, USA, Inc.

___

of the realms of claims for money based on breach of contract, the remedy of pretrial attachment is available as an aid to civil enforcement of certain statutes, one of which is the Elder Abuse Act."); *id.* at 866 n.11 (listing statutes). The court reiterates that under California's attachment law a writ of attachment is a remedy that must be supported by an underlying claim. *See Kemp Bros. Constr.*, 146 Cal. App. 4th at 1476. Accordingly, because Plaintiff has not pleaded any claim, the court concludes Plaintiff has not sufficiently established the basis for the court's subject matter jurisdiction over this matter. In the absence of an affirmative basis for subject matter jurisdiction, the court declines to address the substance of Plaintiff's request for *ex parte* relief or a temporary restraining order and **DENIES** the Application.

       Finally, because courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh*, 546 U.S. at 514, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 514 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.") (fn. omitted). In this case, the court concludes Plaintiff has failed to establish any basis for subject matter jurisdiction. Accordingly, the court also **DISMISSES** this action for lack of subject matter jurisdiction.

/ / /

___

remedy for a Massachusetts breach-of-contract claim. (*See* App. at 4 ("There is no such equitable power under Massachusetts law.").)

___

**CIVIL MINUTES – GENERAL**                                                       8

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-02174-FWS-ADS | Date: December 5, 2022 |
| Title: Zhang v. Dahua Technology, USA, Inc. | |

### IV.  Disposition

For the reasons set forth above, the court **DENIES** the Application.  The court **DISMISSES** this action for lack of subject matter jurisdiction.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:  mku

_____